UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALETHEA ARROYO, CESAR AVILES,
JOHN CABRERA, JENNIFER MASCIA,
RAFAEL MONTERRUBIO, CHAD
PARSON, and BATSON VEA,

                Plaintiffs,

    - against -

REDEYE GRILL, LP, RED EYE GRILL,
INC., THE FIREMAN GROUP CAFÉ
CONCEPTS., INC., SHELDON
FIREMAN, WILLIAM DUFFY, KEVIN
ROBINSON, MICHAEL CHIN, and
LUCA MISCIASCI,

                Defendants.



Civil Action No. _____ - **06 CV 0381**

JUDGE CROTTY.

**COMPLAINT**

**ECF Case**



RECEIVED
JAN 1 8 2006
U.S.D.C. S.D. N.Y.
CASHIERS

---

Plaintiffs Alethea Arroyo, Cesar Aviles, John Cabrera, Jennifer Mascia, Rafael Monterrubio, Chad Parson, and Batson Vea, by and through their attorneys, Paul, Weiss, Rifkind, Wharton & Garrison, LLP, Main Street Legal Services, Inc., the Asian American Legal Defense and Education Fund, and the New York Legal Assistance Group, allege as follows:

## NATURE OF ACTION

1. Plaintiffs Alethea Arroyo, Cesar Aviles, John Cabrera, Jennifer Mascia, Rafael Monterrubio, Chad Parson, and Batson Vea are employees of the Redeye Grill restaurant, owned and operated by Defendants Redeye Grill, LP, Red Eye Grill, Inc., and The Fireman Group Café Concepts, Inc. Plaintiffs work as servers, as bussers, and in other positions at the Redeye Grill restaurant.

2.      In violation of state and federal labor laws, Defendants have failed to pay Plaintiffs the federal and state minimum wage and overtime premiums to which they are entitled.  In addition, Defendants unlawfully appropriated part of Plaintiffs' tips and took unlawful deductions from Plaintiffs' wages.  Plaintiffs now bring this action for unpaid minimum wage and overtime premiums, unlawful expropriation of tips, and other violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, New York Labor Law § 190 *et seq.*, and state contract law.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction based upon 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because all of the acts of which Plaintiffs complain occurred in this District.

## PARTIES

### *Plaintiffs*

5.      Plaintiffs Alethea Arroyo, Cesar Aviles, John Cabrera, Jennifer Mascia, Rafael Monterrubio, Chad Parson, and Batson Vea are employees of Defendants.

6.      Plaintiffs Monterrubio and Aviles ("the Bussers") are employed as bussers by Defendants.

7.      Plaintiffs Vea, Mascia, and Parson ("the Servers") are employed as servers by Defendants.

8.      Plaintiff Arroyo is employed as a bathroom attendant, and Plaintiff Cabrera is employed as a coffee station attendant (collectively, "Back of the House/Other Employees").

2

9.     At all times relevant to this action, Plaintiffs handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

10.     At all times relevant to this action, Plaintiffs were Defendants' employees within the meaning of the Fair Labor Standards Act and New York Labor Law.

11.     Plaintiffs have consented to be plaintiffs in this action pursuant to 29 U.S.C. § 216(b).

## DEFENDANTS

12.     Defendant Redeye Grill, LP is a limited partnership organized under the laws of the State of New York and located at 890 Seventh Avenue, New York, New York 10019.  At all times relevant to this action, Redeye Grill, LP operated and did business as the "Redeye Grill," a restaurant located at 890 Seventh Avenue, New York, New York 10019.

13.     Defendant Red Eye Grill, Inc. is a corporation organized and existing under the laws of the State of New York with its principal executive office located at 20 West 44th Street, New York, New York 10023.  At all times relevant to this action, Red Eye Grill, Inc. operated and did business as the "Redeye Grill," a restaurant located at 890 Seventh Avenue, New York, New York 10019.

14.     Defendant The Fireman Group Café Concepts, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal executive office located at 888 Seventh Avenue, New York, New York 10019.  At all

times relevant to this action, The Fireman Group Café Concepts, Inc. has owned and operated the Redeye Grill.

15.    Defendant Sheldon Fireman is the Chief Executive Officer of Defendant The Fireman Group Café Concepts, Inc. Upon information and belief, he has the power to hire and fire employees, set wages and schedules, and retain their records.

16.    Upon information and belief, Defendant William ("Bill") Duffy is the Chief Operating Officer of the Redeye Grill, LP, the Red Eye Grill, Inc., and/or The Fireman Group Café Concepts, Inc. Upon information and belief, he has the power to hire and fire employees, set wages and schedules, and retain their records.

17.    Upon information and belief, Defendant Kevin Robinson is an employee of the Redeye Grill, LP, the Red Eye Grill, Inc., and/or The Fireman Group Café Concepts, Inc. and serves as the Chief Financial Officer. Upon information and belief, he has the power to hire and fire employees, set wages and schedules, and retain their records.

18.    Upon information and belief, Defendant Michael Chin is employed in an executive position by the Redeye Grill, LP, the Red Eye Grill, Inc., and/or The Fireman Group Café Concepts, Inc. Upon information and belief, he has the power to hire and fire employees, set wages and schedules, and retain their records.

19.    Upon information and belief, Defendant Luca Misciasci is an employee of the Redeye Grill, LP, the Red Eye Grill, Inc. and/or The Fireman Group Café Concepts, Inc. and serves as Managing Director of the Redeye Grill. Upon information and belief, he has the power to hire and fire employees, set wages and schedules, and retain their records.

4

20. The above defendants are collectively referred to as "Defendants."

21. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act and New York Labor Law.

**INDIVIDUAL PLAINTIFF FACTS**

22. The following table summarizes each of the Plaintiffs' position of employment, approximate dates of employment, and approximate weekly work schedule:

| Name | Position | Dates of Employment | Schedule |
|---|---|---|---|
| Alethea Arroyo | Bathroom Attendant | 5/1/04 to present | • 5/1/04 to 10/31/04: 45 hrs/wk<br>• 11/1/04 to present: 22 hrs/wk |
| Cesar Aviles | Busser | 9/1/03 to present | • 9/1/03 to 8/31/04: 58 hrs/wk<br>• 9/1/04 to present: 49 hrs/wk |
| John Cabrera | Back of House | 11/29/01 to present | • 11/29/01 to 3/1/02: 48 hrs/wk<br>• 3/1/02 to present: 59 hrs/wk |
| Chad Parson | Server | 10/1/00 to present | • 35 to 45 hrs/wk |
| Jennifer Mascia | Server | 9/1/04 to present | • 9/1/04 to 4/30/04: 34 hrs/wk<br>• 5/1/05 to present: 28 hrs/wk |
| Rafael Monterrubio | Busser | 4/1/99 to present | • 4/1/99 to 6/1/99: 60 hrs/wk, fewer hours in July and August<br>• 7/1/01 to 12/31/04: 78 hrs/wk, fewer hours in July and August<br>• 1/1/05 to present: 44.5 hrs/wk, fewer hours in July and August |
| Batson Vea | Server | 12/98 to present | • 45 to 60 hrs/wk |

**FACTUAL ALLEGATIONS**

23. Defendants committed the following alleged acts knowingly, intentionally, and willfully.

24. Defendants knew that the nonpayment of minimum wage, overtime, and spread of hours and show-up pay, improperly forcing the Servers to share their tips with Defendants' agents, requiring plaintiffs to purchase and maintain their

uniforms at their own cost, and improper deductions from the Servers' wages, would economically injure Plaintiffs and violated federal and state labor laws.

25. Defendants also committed such unlawful acts against numerous other employees of Defendants.

### *Unpaid Regular and Overtime Hours*

#### *The Bussers*

26. Throughout his employment, Aviles typically worked more than 40 hours per week, but was compensated for 40 or fewer hours per week.

27. Throughout his employment, Monterrubio typically worked more than 40 hours per week, but was compensated for 40 or fewer hours per week.

#### *Back of the House/Other Employees*

28. Arroyo has never been paid for a three week period during November, 2005, in which she worked approximately 22 hours per week.

29. From March 1, 2002 to the present, Cabrera has worked 19 overtime hours per week, but has only been paid for 14 hours of overtime each week.

### *Denial of Minimum Wage*

30. Until December 31, 2004, the minimum wage under New York state law was $5.15 per hour. From January 1, 2005 until December 31, 2005, the minimum wage under state law was $6.00 per hour. From January 1, 2006 onward, the minimum wage under state law has been $6.75 per hour.

31. From April 1, 1991 until September 30, 1996, the minimum wage under federal law was $4.25 per hour. From October 1, 1996 until August 31, 1997, the

6

minimum wage under federal law was $4.75 per hour. From September 1, 1997 onward, the minimum wage under federal law was $5.15 per hour.

32.    Defendants unlawfully paid the Bussers, the Servers, and Arroyo below the federal and state minimum wage.

*The Bussers*

33.    Aviles, from the start of his employment with Defendants on or about September 1, 2003 to on or about December 31, 2004, was paid $3.50 per hour. From on or about January 1, 2004 to on or about December 31, 2005, Aviles was paid $3.85 per hour. From on or about January 1, 2006 to the present, Aviles has been paid $4.35 per hour.

34.    Monterrubio, from the start of his employment with Defendants on or about April 1, 1999 to on or about March 30, 2000 was paid $2.80 per hour. From on or about March 31, 2000 to on or about December 31, 2004, Monterrubio was paid $3.50 per hour. From on or about January 1, 2005 to on or about December 31, 2005, he was paid $3.85 per hour. From on or about January 1, 2006 to the present, he has been paid $4.35 per hour.

*The Servers*

35.    Vea, from the start of his employment with Defendants on or about January 1998 to April 30, 2000, Vea was paid approximately $2.80 per hour. From on or about March 31, 2000 to on or about December 31, 2004, Vea was paid $3.30 per hour. From on or about January 1, 2005 to on or about December 31, 2005, Vea was paid $3.85 per hour. From on or about January 1, 2006 to the present, Vea has been paid $4.35 per hour.

36.    Mascia, from the start of her employment with Defendants on or about September 1, 2004 to on or about December 31, 2004, was paid $3.30 per hour. From on or about January 1, 2005 to on or about December 31, 2005, Mascia was paid $3.85 per hour. From on or about January 1, 2006 to the present, Mascia has been paid $4.35 per hour.

37.    Parson, from the start of his employment with Defendants on or about October 1, 2000 to on or about December 31, 2004, Parson was paid $3.30 per hour. From on or about January 1, 2005 to on or about December 31, 2005, Parson was paid $3.85 per hour. From on or about January 1, 2006 to the present, Parson has been paid $4.35 per hour.

*Other Employees*

38.    Arroyo, from the start of her employment with Defendants on or about May 1, 2004 to on or about December 31, 2004, was paid $3.30 per hour. From on or about January 1, 2005 to on or about December 31, 2005, Arroyo was paid $3.85 per hour. From on or about January 1, 2006 to the present, Arroyo has been paid $4.35 per hour.

*Inapplicability of Tip Credit*

39.    Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available in limited cases under 29 U.S.C. § 203(m) and 12 N.Y.C.R.R. § 137-1.5 for several independent reasons:

a.    Defendants never informed any of the Plaintiffs that they were reducing the minimum wage by a tip allowance under § 3(m) of the Fair Labor Standards Act.

8

b.    Defendants and their agents, the Zone Maitre D's, appropriate portions of the tips for themselves, thereby preventing the Servers from retaining tips in violation of 29 U.S.C. § 203(m).

c.    Plaintiff Arroyo did not always earn sufficient tips to offset the tip credit allowance.

40.    The Zone Maitre D's work as managers at the Redeye Grill and are agents of the Defendant employers for several reasons, including but not limited to:

a.    The Zone Maitre D's have the ability to hire servers, bussers, back of the house, and other employees.

b.    The Zone Maitre D's supervise and discipline servers, bussers, back of the house, and other employees.

c.    The Zone Maitre D's have the ability to fire servers, bussers, back of the house, and other employees.

d.    The Zone Maitre D's manage payroll.

e.    The Zone Maitre D's determine scheduling.

f.    The Zone Maitre D's manage the menu and supervise supply orders.

g.    The Zone Maitre D's oversee training of new employees.

### *Confiscation of Percentage of Tips*

41.    Defendants have imposed a mandatory "tip pool" upon the Servers, requiring them to share a percentage of their tips with other workers at the restaurant. Through the tip pool system, Defendants unlawfully require the Servers to share tips with Defendants and their agents, the Zone Maitre D's. The tip pool system dictates that 4%

9

of the Servers' tips from the dinner shift be given to the Zone Maitre D's, and 6% of the Servers' tips from the lunch shift be given to the Zone Maitre D's.

### Spread of Hours and Show-Up Pay

42.    Throughout Plaintiffs' employment with Defendants, Defendants failed to pay Plaintiffs an extra hour of pay at the minimum wage for each day that they worked in excess of ten hours, in violation of New York State labor laws.

43.    On various occasions throughout their employment with Defendants, Plaintiffs arrived to work and were given fewer than three hours per shift, but Defendants failed to pay Plaintiffs for at least three hours at minimum wage, in violation of New York State labor laws.

### Deductions from Wages

44.    Throughout the Servers' employment with Defendants, whenever a customer paid for a tip by credit card, Defendants deducted from the Servers' tips a portion of the credit card processing fee charged to Defendants by the credit card company.

45.    The Servers have demanded that Defendants not deduct from the credit card processing fees from their tips.

### Uniform Cleaning Charges

46.    Throughout Plaintiffs' employment, Defendants required Plaintiffs to wear a uniform tuxedo pants, shirt, vest or jacket, and a tie for the Bussers.

47.    Defendants have required Plaintiffs to purchase their uniforms and pay for their own maintenance and cleaning.

10

48.     Defendants willfully failed to reimburse Plaintiffs for the costs of cleaning and maintaining their uniforms.

## FIRST CAUSE OF ACTION
## (FEDERAL MINIMUM WAGE VIOLATION)

49.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

50.     Defendants knowingly paid the Bussers, the Servers, and Arroyo less than the federally mandated minimum wage of $5.15 per hour in violation of 29 U.S.C. § 206.

51.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of 29 U.S.C. § 255(a).

52.     As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages in an amount to be determined at trial plus liquidated damages.

## SECOND CAUSE OF ACTION
## (FEDERAL OVERTIME VIOLATION)

53.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

54.     Defendants intentionally failed to pay the Bussers, Arroyo, and Cabrera overtime at the rate of one and one-half times their regular rate (not less than minimum wage) for each hour worked in excess of forty (40) hours per week in violation of 29 U.S.C. § 201 *et seq.*.

55.     Defendants' failure to pay overtime premiums was willful within the meaning of 29 U.S.C. § 255(a).

11

56.    As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages in an amount to be determined at trial plus liquidated damages.

## THIRD CAUSE OF ACTION
### (FAILURE TO PAY WAGES)

57.    Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

58.    By failing to pay the Bussers and the Back of the House/Other Employees for each hour that they worked, Defendants blatantly disregarded their obligations to pay wages weekly and not later than seven calendar days after the week in which the wages were earned.

59.    Defendants' knowing and deliberate acts are in direct contravention of N.Y. Labor Law § 191(1)(a) and are actionable under N.Y. Labor Law § 198(1).

60.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

61.    As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages in an amount to be determined at trial plus liquidated damages.

## FOURTH CAUSE OF ACTION
### (NEW YORK STATE MINIMUM WAGE VIOLATION)

62.    Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

12

63.    Defendants knowingly paid the Bussers, the Servers, and Arroyo less than the minimum wage required under N.Y. Lab. Law. § 652 and supporting regulations of the New York State Department of Labor.

64.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

65.    As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages in an amount to be determined at trial plus liquidated damages.

## FIFTH CAUSE OF ACTION
### (NEW YORK STATE OVERTIME VIOLATION)

66.    Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

67.    Defendants intentionally failed to pay the Bussers, Arroyo, and Cabrera overtime at the rate of one and one-half times their regular rate (not less than minimum wage) for each hour worked in excess of forty (40) hours per week in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

68.    Defendants' failure to pay overtime premiums was willful within the meaning of N.Y. Lab. Law § 663.

69.    As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages in an amount to be determined at trial plus liquidated damages.

## SIXTH CAUSE OF ACTION
## (DEPRIVATION OF TIPS)

70.    Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

71.    Defendants and their agents demanded and received from the Servers a percentage of the tips received by the Servers in violation of N.Y. Lab. Law § 196-d.

72.    Defendants' acceptance and retention of a portion of the Servers' tips was willful within the meaning of N.Y. Lab. Law § 663.

73.    Plaintiffs have been damaged in an amount to be determined at trial plus liquidated damages.

## SEVENTH CAUSE OF ACTION
## (NEW YORK STATE SPREAD OF HOURS VIOLATION)

74.    Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

75.    Defendants failed to pay Plaintiffs one additional hour's pay at the minimum wage for each day Plaintiffs worked more than ten (10) hours in violation of N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* and 12 NYCRR § 142-2.4.

76.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs worked in excess of ten (10) hours was willful within the meaning of N.Y. Lab. Law § 663.

77.    Plaintiffs have been damaged in an amount to be determined by trial plus liquidated damages.

## EIGHTH CAUSE OF ACTION
### (NEW YORK STATE SHOW-UP PAY VIOLATION)

78.    Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

79.    Defendants, on days in which Plaintiffs arrived to work but were given fewer than three hours of work for one shift, or fewer than six hours for two shifts, failed to pay Plaintiffs for at least three hours for one shift, or six hours for two shifts, at the minimum wage rate in violation of 12 NYCRR § 137-1.6.

80.    Plaintiffs have been damaged in an amount to be determined by trial plus liquidated damages.

## NINTH CAUSE OF ACTION
### (UNLAWFUL DEDUCTIONS)

81.    Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

82.    Defendants have deducted a percentage from tips left for the Servers on customers' credit cards in violation of the prohibition against unlawful deductions from wages in N.Y. Lab. Law §193.

83.    Plaintiffs have been damaged in an amount to be determined by trial plus liquidated damages.

## TENTH CAUSE OF ACTION
### (REIMBURSEMENT FOR UNIFORM EXPENSES)

84.    Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

85.    Defendants require the Bussers to wear a uniform consisting of black tuxedo pants, white long-sleeve shirt, tie, and jacket.

86.     Defendants require the Servers to wear a uniform consisting of black tuxedo pants, white shirt, and vest.

87.     Defendants require Arroyo to wear a uniform consisting of black tuxedo pants, grey shirt, and vest.

88.     Defendants have required Plaintiffs to purchase, clean, and maintain their uniforms at their own expenses in violation of 12 NYCRR § 142-2.5.

89.     Defendants' failure to reimburse Plaintiffs for the costs of purchasing, cleaning, and maintaining the uniforms was willful within the meaning of N.Y. Lab. Law § 663.

90.     Plaintiffs have been damaged in an amount to be determined at trial.

### ELEVENTH CAUSE OF ACTION
### (UNJUST ENRICHMENT)

91.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

92.     Defendants the Redeye Grill, LP, the Red Eye Grill, Inc., and The Fireman Group Café Concepts, Inc. have enriched themselves as a result of withholding money owed to Plaintiffs for all of the time Plaintiffs worked, the tips to which they were entitled, and the reimbursement of uniform expenses.

93.     The enrichment was at Plaintiffs' expense because Plaintiffs would have received the money owed had the Redeye Grill, LP, the Red Eye Grill, Inc., and The Fireman Group Café Concepts, Inc. not intentionally and willfully violated federal and state labor laws.

16

94.    The circumstances were such that equity and good conscience require Defendants the Redeye Grill, LP, the Red Eye Grill, Inc., and The Fireman Group Café Concepts, Inc. to pay Plaintiffs for all the time they worked but were not paid, all the tips they received that were confiscated from them, and all uniform expenses that were not reimbursed.

## TWELFTH CAUSE OF ACTION
### (QUANTUM MERUIT)

95.    Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

96.    Plaintiffs performed labor and services for Defendants the Redeye Grill, LP, the Red Eye Grill, Inc., and The Fireman Group Café Concepts, Inc. in good faith and with the expectation that they would receive full payment.

97.    Defendants the Redeye Grill, LP, the Red Eye Grill, Inc., and The Fireman Group Café Concepts, Inc. received the full benefit of Plaintiffs' labor and services, but failed to compensate Plaintiffs' for the fair and reasonable value of those labor and services.

98.    By reason of Defendants the Redeye Grill, LP, the Red Eye Grill, Inc., and The Fireman Group Café Concepts, Inc.'s conduct, Plaintiffs sustained damages in the amount of the fair and reasonable value of their labor and services to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants as follows:

(a)    Declaration that Defendants' conduct is in violation of federal and New York state laws;

17

(b)     Compensatory damages;

(c)     Disgorgement;

(d)     Liquidated damages;

(e)     Pre-judgment interest;

(f)     Plaintiffs' attorney fees and costs;

(g)     Any such further relief as may be just and proper.


Dated: New York, New York
        January 18, 2006


PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:     _____
        Jennifer A. Hurley (JH 0635)
        H. Seiji Newman (HSN 4152)
        1285 Avenue of the Americas
        New York, New York 10019-6064
        (212) 373-3000


MAIN STREET LEGAL SERVICES, INC.
Tony Lu (TL1123)
65-21 Main Street
Flushing, New York 11367
(718) 340-4300


ASIAN AMERICAN LEGAL DEFENSE AND
EDUCATION FUND
Kenneth Kimmerling (KK 5762)
Tushar J. Sheth (TS 5672)
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932


18

YISROEL SHULMAN, ESQ.
New York Legal Assistance Group
Randal S. Jeffrey, of Counsel (RSJ 3396)
Elissa S. Devins, of Counsel (ESD 9197)
Elena Goldstein, of Counsel (EG 8586)
450 W. 33rd Street, 11th Floor
New York, New York 10001
(212) 613-5000

*Attorneys for Plaintiffs*

19